UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALEXANDER GARCIA GONZALES,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN RAYCRAFT, *in his official capacity as Acting Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement*, et al.,<br><br>    Respondents. | Case No. 1:26-CV-112<br><br>Judge Michael R. Barrett<br><br>**OPINION & ORDER** |

This matter is before the Court on Petitioner Alexander Garcia Gonzales's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a return and response in opposition, (Doc. 4), and Garcia Gonzales has replied, (Doc. 5). The petition is now ripe for review.

## I.     FACTUAL BACKGROUND

Petitioner, a citizen of Cuba, entered the United States through the official port of entry in Brownsville, Texas, on September 20, 2023. (Doc. 4, PageID 43). He was paroled into the country and on August 25, 2024, an Immigration Judge ("IJ") granted a motion to terminate his removal proceedings. (*Id.*, PageID 68-69). On September 26, 2024, Petitioner filed for an adjustment of status under the Cuban Adjustment Act of 1966. (Doc. 1, PageID 16). That petition remains unadjudicated by U.S. Citizenship and Immigration Services ("USCIS"). (Doc. 5, PageID 87).

1

The record reflects that, on January 11, 2026, Petitioner was arrested in West Chester, Ohio, and charged with first-degree misdemeanor domestic violence. *See* Ohio Rev. Code § 2919.25. However, on January 20, the Butler County Prosecutor withdrew the charge and the judge ordered Petitioner's release. (Doc. 4, PageID 71). Petitioner remained in custody at the Butler County Jail, and on the following day he was served by the Department of Homeland Security ("DHS") with a notice to appear for removal proceedings. (*Id.*, PageID 72-73).

The instant petition followed on February 2, with Petitioner arguing that ongoing detention without a bond hearing violates his due process rights under the Fifth Amendment. Petitioner seeks immediate release from custody, or, in the alternative, a constitutionally adequate custody redetermination hearing before an IJ. (Doc. 1, PageID 11). Respondents counter that the issue is unripe for review because Petitioner has not exhausted all available administrative remedies, and also argue that Petitioner has been afforded all necessary due process in the first place. (Doc. 4, PageID 42).

## II. CONTROLLING LAW & ANALYSIS

### A. Habeas Corpus Standard

Under 28 U.S.C. § 2241, the Court possesses the authority to grant a writ of habeas corpus to any petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relevant here, "[a]lthough the court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the

2

demands of the Constitution." *Deng Chol A. v. Barr*, 455 F.Supp.3d 896, 901 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

### B. Administrative Exhaustion

Respondents first argue that this petition is not properly before the Court because Petitioner has failed to exhaust his administrative remedies. Although Respondents concede that there is no statutory provision mandating the exhaustion of administrative remedies, they contend that the Court must impose a prudential exhaustion requirement here. The Court declines to do so.

When determining whether to impose a prudential exhaustion requirement, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). Both as a matter of "sound judicial discretion," *id.* at 144, and because this petition "presents a substantial constitutional question," *Lopez v. Barr*, 458 F.Supp.3d 171, 176 (W.D.N.Y. 2020), the Court will not mandate the exhaustion of administrative remedies.[1]

### C. Due Process

Petitioner does not directly challenge the statutory basis for his detention, and as such, the Court will turn to Respondents' interpretation and application of 8 U.S.C. § 1225(b)(2). As it has already, the Court restates that "non-punitive detention in the immigration context violates the Due Process Clause absent adequate procedural

---

[1] Moreover, the petition raises "non-frivolous constitutional challenges to an agency's procedures," *Bangura v. Hansen*, 434 F.3d 487, 493 (6th Cir. 2006), and the Court agrees that requiring administrative exhaustion here would likely be futile, *see Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006). In the alternative, a waiver of the exhaustion requirement would be merited.

3

protections or a special justification outweighing a petitioner's liberty interest." *Azalyar v., Raycraft*, ___ F.Supp.3d ____, No. 1:25-CV-916, 2026 U.S. Dist. LEXIS 3705, at *5 (S.D. Ohio Jan. 2, 2026) (cleaned up); *see Ortiz Gutierrez v. Raycraft*, ___ F.Supp.3d ____, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 32801, at *9 (S.D. Ohio Feb. 18, 2026). "The Due Process Clause extends to all persons regardless of status," including noncitizens, *Ariza v. Noem*, No. 4:25-CV-165, 2025 U.S. Dist. LEXIS 265012, at *28 (W.D. Ky. Dec. 23, 2025), and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

Although Respondents argue in the first place that the balancing test elucidated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), is inapposite here, they contend in the alternative that the *Mathews* factors weigh in their favor. To determine whether a civil detention violates a detainee's due process rights, Courts in the Sixth Circuit examine:

> (1) 'the private interest that will be affected by the official action'; (2) 'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards'; and (3) 'the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'

*Hernandez-Fernandez v. Lyons*, No. 5:25-CV-773, 2025 U.S. Dist. LEXIS 206751, at *18 (W.D. Tex. Oct. 21, 2025) (quoting *Mathews*, 424 U.S. at 335).

4

Respondents' arguments are not well-taken on this front. Although they point to Petitioner's initial arrest and detention, they do not reckon with the prosecutor's withdrawal of charges and the judge's order of release soon thereafter. In any event, the current circumstances do not change the fact "that individuals paroled from civil immigration custody have a protectable liberty interest in remaining so," *Azalyar*, 2026 U.S. Dist. LEXIS 3705, at *9, and Petitioner's application for adjustment of status still has yet to be adjudicated by USCIS.

The risk of erroneous deprivation is also at a level which is constitutionally intolerable. The Court arrives at this conclusion by taking judicial notice of the immigration detention-related habeas petitions that have come before it, as well as the Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. 216 (BIA 2025), and subsequent DHS guidance. Petitioner has affirmatively sought habeas relief before the Court because Respondents have already indicated their position that an IJ lacks jurisdiction over his detention, and that Petitioner is not entitled to such a hearing in the first place.

Respondents contend that there is "evidence of materially changed circumstances," such that Petitioner is a flight risk or danger to the community. But that is not a determination that they are entitled to make without a final and independent review by an IJ. A constitutionally adequate custody redetermination hearing will allow Respondents to present their case, and will therefore not impede the government's interests. *See Ortega v. Bonnar*, 415 F.Supp.3d 963, 970 (N.D. Cal. 2019).

## III.     CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's continued detention is unlawful in the absence of an individualized, constitutionally adequate custody redetermination hearing. The petition for a writ of habeas corpus, (Doc. 1), is therefore **GRANTED**, and Respondents' motion to dismiss, (Doc. 4), is **DENIED**.

**IT IS ORDERED** that, on or before February 27, 2026, at 5:00 p.m. EST, Respondents **shall** either (1) provide Petitioner with a bond hearing before an IJ, at which the government shall bear the burden of persuasion of justifying his continued detention[2]; or (2) release Petitioner from custody.

**IT IS FURTHER ORDERED** that Respondents **shall** inform the Court whether and when a bond hearing was held in accordance with this order.

**IT IS SO ORDERED.**

                                                                                                *Michael R. Barrett*
                                                                                                 Michael R. Barrett
                                                                                                 United States District Judge

---

[2] Moreover, the IJ should be empowered to consider both "alternatives to detention" and Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).