# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALEXANDER GARCIA GONZALES,

       Petitioner,

       v.

KEVIN RAYCRAFT, *in his official capacity as Acting Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement*, et al.,

       Respondents.

Case No. 1:26-CV-112

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on the status report and notice filed by Respondents, (Doc. 7, 8), and the status report filed by Petitioner Alexander Garcia Gonzales, (Doc. 9). Petitioner, a citizen of Cuba, sought habeas corpus relief before the Court pursuant to 28 U.S.C. § 2241. (Doc. 1). On February 20, 2026, following Respondents' return of writ and Petitioner's reply, the Court granted the writ of habeas corpus and ordered Respondents to release Petitioner from custody or provide Petitioner a bond hearing before an Immigration Judge ("IJ") within seven days, "at which the government shall bear the burden of persuasion of justifying his continued detention." (Doc. 6, PageID 152).

Petitioner appeared before the IJ for a hearing on February 27, prior to which Respondents provided the IJ with a copy of the Court's order granting habeas relief. (Doc. 7, PageID 153). The IJ issued an opinion on the same day, holding that he "does

1

not have authority and jurisdiction over bond as [Petitioner] is charged as an arriving alien in the I-261 filed by DHS on 2/10/26." (*Id.*, PageID 156). In the alternative, the IJ concluded that he "would deny the request for bond as [Petitioner] has failed to show that he is not a danger to the community." (*Id.*).

To their credit, Respondents subsequently informed the IJ that "the burden of persuasion was not properly assigned to DHS as ordered by the District Court."[1] (*Id.*, PageID 159). Respondents accordingly asked the IJ to either conduct another bond hearing or reissue an opinion that apportions the burden of persuasion as the Court initially ordered. (*Id.*, PageID 160). On March 1, the IJ amended his order, concluding again that he lacked authority and jurisdiction over the matter, and finding in the alternative that he "would deny the request for bond as [DHS] per District Court order has met their burden and demonstrated that [Petitioner] is a danger to the community." (Doc. 8, PageID 165).

Following this development, Petitioner filed a status report contending first that Respondents impermissibly continued to argue the issue of jurisdiction, and also arguing that the IJ's decision "is not compliant with this Court's order and does not offer [a] detailed explanation about how the government met its burden of proof for [justifying] Petitioner's continued detention." (Doc. 9, PageID 168). Specifically, Petitioner contends that the IJ did not conduct an individualized assessment under

---

[1] However, the Court does take issue with Respondents' representation that "the District Court altered the standard burden of proof in an immigration detention hearing." (Doc. 7, PageID 159). There exists no automatic presumption of flight risk or danger to the community assigned to a Petitioner held pursuant to § 1226(a), and "[i]n general, the Supreme Court has held that the clear and convincing standard applies to civil detention where liberty is at stake." *L.G. v. Choate*, 744 F.Supp.3d 1172, 1186 (D. Colo. 2024); *see Aleman Gonzales v. Barr*, 955 F.3d 762, 781 (9th Cir. 2020), *rev'd on other grounds*, 596 U.S. 543 (2022).

*Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the IJ's amended order amounted to a summary denial in violation of Petitioner's due process rights.[2]

From the record before the Court, it is exceedingly difficult to see how Petitioner's bond proceedings could have comported with the Court's order when the hearing was conducted under the specter of an improperly apportioned burden of persuasion. Even if the IJ later reconsidered all of the evidence and testimony under the appropriate standard, the hearing itself still ran afoul of that standard. *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011). As Petitioner notes, "[i]t is not clear from the IJ's decision just how the government's burden of proof was fulfilled, especially in light of favorable evidence presented by Petitioner's bond counsel." (Doc. 9, PageID 171-72). And although it may not be "obvious that the IJ would come to a different conclusion" upon a proper apportionment of the burden, "the evidence presented does not foreclose the possibility that the government failed to meet its burden." *Al-Sadeai v. United States Immigration & Customs Enf't*, 540 F.Supp.3d 983, 992 (S.D. Cal. 2021).

Accordingly, on or before March 10, 2026, at 5:00 p.m. EDT, Respondents **shall** either provide Petitioner with a constitutionally adequate bond hearing before an IJ or release Petitioner from custody. In the event of the former, (1) Respondents **shall** provide a copy of this order to the IJ prior to any hearing; (2) the IJ **shall** have jurisdiction over the matter and be empowered to grant bond. *See Ortiz Gutierrez v.*

---

[2] The Court retained jurisdiction over this matter to enforce its initial grant of habeas relief, *see Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010), and adjudicate timely petitions filed under the Equal Access to Justice Act, 28 U.S.C. § 2412.

*Raycraft*, ___ F.Supp.3d ___, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 32801, at \*5-9 (S.D. Ohio Feb. 18, 2026); (3) Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention and adduce *clear and convincing evidence* that Petitioner is a danger to the community. *See Black v. Decker*, 103 F.4th 133, 155 (1st Cir. 2024), *reh'g en banc denied*; *Soto-Medina v. Lynch*, No. 1:25-CV-1704, 2026 U.S. Dist. LEXIS 11113, at \*12-27 (W.D. Mich. Jan. 21, 2026); and (4) the IJ **shall** consider whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at \*20 (S.D.N.Y. Oct. 16, 2025).

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge