# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALEXANDER GARCIA GONZALES,

      Petitioner,

      v.

KEVIN RAYCRAFT, *in his official capacity as Acting Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement*, et al.,

      Respondents.

Case No. 1:26-CV-112

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on Respondents' notice of compliance, (Doc. 11), and Petitioner's status report, (Doc. 12). On March 4, 2026, the Court ordered Respondents to provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge ("IJ"). (Doc. 10, PageID 180). The Court further held that Respondents were to bear the burden of justifying Petitioner's continuing detention by clear and convincing evidence. (*Id.*, PageID 181).

The record reflects that Petitioner appeared for a custody redetermination proceeding before an IJ on March 6. Following a brief hearing at which the Court's March 4 order was entered into the record, the IJ indicated that he would take the matter under advisement and issue a decision shortly. The IJ subsequently denied bond, finding that the Department of Homeland Security ("DHS") presented

1

sufficient evidence for a finding of dangerousness.[1] (Doc. 11, PageID 192). The IJ also concluded that alternatives to detention were insufficient in light of "the nature and seriousness of the allegations between [Petitioner] and his partner." (*Id.*). Respondents request the Court's acknowledgment that all obligations under its March 4 order are discharged. (*Id.*, PageID 189).

Petitioner argues that the IJ's decision did not comply with the Court's order, and Petitioner was not afforded a constitutionally adequate bond hearing. Specifically, Petitioner asserts that "the IJ again ignored evidence demonstrating that the charges against the Petitioner were dismissed and that there is no criminal record for the Petitioner in the Butler County Area Courts." (Doc. 12, PageID 199). Petitioner also claims that the IJ "failed to consider the affidavits submitted by the Petitioner's wife and family members attesting to his good moral character," and did not "provide a detailed analysis of how Respondents presented 'clear and convincing' evidence necessitating Petitioner's prolonged detention." (*Id.*, PageID 200).

"In the context of an immigration bond hearing, district courts have jurisdiction to review [an] Immigration Judge's discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar*, 362 F.Supp.3d 762 772-73 (N.D. Cal. 2019)); *see Hechavarria v. Whitaker*, 368 F.Supp.3d 227, 240 (W.D.N.Y. 2019) (explaining that "a challenge may be based

---

[1] The IJ initially issued a two-sentence decision stating his finding and the reason therefor. Respondents moved for the issuance of an order more clearly establishing that DHS bore the burden of proof and less restrictive alternatives to detention had been considered. The IJ then issued a revised order.

on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's position," or "it may be clear from the adjudicator's opinion itself that he simply did not apply the correct standard to the facts."). That is the case here.

As a threshold matter, the Court cannot reweigh evidence or substitute its own discretionary judgment for that of the IJ on a question of fact. *See, e.g., Diaz-Calderon*, 535 F.Supp.3d at 676. But the question at hand is one of law. Namely, can a police report—on its own and not accompanied by a charge or conviction—constitute clear and convincing evidence of dangerousness in an immigration bond hearing? The answer is "yes," unless the allegations in the report are entirely uncorroborated. *See Pineda v. Nessinger*, No. 1:25-CV-522, 2025 U.S. Dist. LEXIS 233117, at *2 (D.R.I. Nov. 24, 2025) (holding that "an uncorroborated police report cannot, by itself, establish dangerousness as a matter of law.").

To be sure, "Sixth Circuit case law cautions against the use of unproven allegations to support immigration decisions," and "arrests that did not result in a conviction for the stated allegations should be given little weight." *Diaz-Calderon*, 535 F.Supp.3d at 680. But the Court is unable to say, categorically, that an IJ cannot base a dangerousness finding on a police report that contains corroborating evidence. "While an arrest, without more, is simply an unproven charge, the fact of the arrest and its attendant circumstances, often have probative value in immigration proceedings." *Rubio-Suarez v. Hodgson*, No. 20-10491, 2020 U.S. Dist. LEXIS 67796, at *7 (D. Mass. Apr. 17, 2020) (quoting *Henry v. INS*, 74 F.3d 1, 6 (1st Cir. 1996)).

Here, the underlying police report contained photographs and a witness statement, in addition to the arresting officer's summary. And "[e]ven though the Court might, on direct review (and with the benefit of more information and context), weigh this evidence differently, it cannot say that the immigration judge's conclusion that it amounted to clear and convincing evidence of dangerousness was 'so arbitrary that it would offend fundamental tenets of due process.'" *Hernandez-Azuaje v. Hyde*, No. 25-CV-13224, 2026 U.S. Dist. LEXIS 15608, at *5 (D. Mass. Jan. 28, 2026) (quoting *Diaz Ortiz v. Smith*, 384 F.Supp.3d 140, 144 (D. Mass. 2019)). Coupled with the presumption of regularity afforded to the proceedings, the Court is unable to disturb the IJ's discretionary finding.

Accordingly, Respondents' obligations are now **DISCHARGED**, and this matter is **CLOSED**.[2]

**IT IS SO ORDERED.**

         */s/ Michael R. Barrett*
         Michael R. Barrett
         United States District Judge

---

[2] The Court will retain jurisdiction to adjudicate any collateral issues, including timely fee petitions under the Equal Access to Justice Act, 28 U.S.C. § 2412. *See, e.g.*, *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990).